Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 210422-155251
DATE: October 29, 2021

ORDER

Restoration of competency for the disbursement of Department of Veterans Affairs (VA) benefits is granted.

REMANDED

Entitlement to service connection for Meniere's disease, including as secondary to vertigo, is remanded.

FINDING OF FACT

VA has not shown by clear and convincing medical evidence that the Veteran lacks the mental capacity to contract or manage his own financial affairs, including the disbursement of funds, without limitation.

CONCLUSION OF LAW

The criteria for restoration of competency status for VA benefits purposes have been met. 38 U.S.C. §§ 5107, 5502; 38 C.F.R. §§ 3.102, 3.353.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Air Force from October 2000 to October 2007.

These matters come before the Board of Veterans' Appeals (Board) on appeal of VA Regional Office (RO) rating decisions dated from November 2020 and March 2021.

In an April 2021 VA Form 10182 (Notice of Disagreement), the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301. For the claim for service connection for Meniere's disease, the evidence that may be considered dates through the AOJ's initial October 2020 rating decision. 

The Board notes that the Veteran also requested direct review of his claim for a higher level of special monthly compensation (SMC); however, he previously requested higher-level review. Under the AMA, concurrent jurisdiction is prohibited, meaning that once a Veteran has filed for review under one lane (i.e., higher-level review, supplemental claim, Board review), he cannot seek review under a different lane while adjudication is pending in the previously selected lane. 38 C.F.R. § 3.2500(b). Therefore, the Veteran's claim for a higher level of SMC is not currently before the Board. The Board notes that the AOJ issued a rating decision in response to the higher-level review request in May 2021. The Board directs the Veteran to the notification letter dated May 28, 2021, which explains the available review options in the event he continues to disagree with that decision.

Restoration of competency for the disbursement of VA benefits is granted.

The Veteran asserts that he is capable of managing his VA funds. Under VA regulations, a mentally incompetent person is one who, because of injury or disease, lacks the mental capacity to contract or to manage his or her own affairs, including disbursement of funds without limitation. 38 C.F.R. § 3.353(a).

Unless the medical evidence is clear, convincing, and leaves no doubt as to the person's incompetency, the rating agency will not make a decision of incompetency without a definite expression regarding the question by the responsible medical authorities. Determinations as to incompetency should be based upon all evidence of record, and there should be a consistent relationship between the percentage of disability, facts relating to commitment or hospitalization, and the holding of incompetency. 38 C.F.R. § 3.353(c). 

There is a presumption in favor of competency, and where reasonable doubt arises regarding a beneficiary's mental capacity to contract or to manage affairs, including the disbursement of funds without limitation, such doubt will be resolved in the veteran's favor.

In an April 2020 rating decision, the RO proposed to rate the Veteran as incompetent based on a March 2020 VA Form 21-2680 (Examination for Housebound Status or Permanent Need for Regular Aid and Attendance). In that form, the physician responded "No" to the query "In your judgment, does the Veteran/Claimant have the mental capacity to manage his or her benefit payments, or is he or she able to direct someone to do so?" The physician reasoned that the Veteran had a history of PTSD and anxiety which requires his wife to manage all medical and financial affairs.

However, in an August 2020 VA Form 21-2680, the examining physician opined that the Veteran has the mental capacity to manage his benefit payments or is able to direct someone to do so. 

In light of the foregoing, it has not been shown by clear and convincing medical evidence that the Veteran lacks the mental capacity to contract or manage his own affairs, including the disbursement of funds, without limitation. Considering the presumption in favor of competency, the Board finds that the Veteran is competent handle the disbursement of VA funds. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

REASONS FOR REMAND

Entitlement to service connection for Meniere's disease, including as secondary to vertigo, is remanded to correct a pre-decisional duty to assist error.

In June 2020, the RO obtained a medical opinion to address the Veteran's theory of secondary service connection. The examining physician's assistant opined that the Veteran's documented symptoms did not fit the medical criteria for Meniere's disease. The examiner cited medical sources that note that criteria for diagnosing Meniere's disease include: (1) Two or more spontaneous episodes of vertigo, each lasting 20 minutes to 12 hours; (2) audiometrically documented low- to mid-frequency sensorineural hearing loss in the affected ear; (3) fluctuating aural symptoms (reduced or distorted hearing, tinnitus, or fullness) in the affected ear. Additionally, the examiner stated that vertigo does not cause Meniere's disease. 

In this case, the Veteran has had several spontaneous episodes of vertigo, each lasting longer than 20 minutes. Additionally, private treatment records dated from April 2020 noted that the Veteran complained of decreased hearing and an audiology evaluation was recommended; however, in-person appointments were suspended during the COVID-19 pandemic crisis. Finally, the Veteran has a diagnosis of tinnitus. As such, the Board finds that a diagnosis of Meniere's disease was suggested by the evidence of record, and an in-person examination or, at the least, a clarifying opinion, should have been obtained to confirm a diagnosis in light of those documented symptoms. Remand is thus warranted on that basis. Further, to the extent the June 2020 clinician addressed whether a link existed between the Veteran's symptoms and his service-connected vertigo, the opinion did not address aggravation. On remand, the examiner must opine as to whether any diagnosed Meniere's disease is either caused or aggravated by a service-connected disability, to include vertigo. 

The matter is REMANDED for the following action:

Schedule the Veteran for a VA examination to determine the nature and etiology of his claimed Meniere's disease. All testing deemed necessary should be performed. A complete rationale for all opinions should be provided in the examination report. 

The examiner should opine as to whether it is at least as likely as not (50 percent or greater probability) that the Veteran has Meniere's disease that is (1) caused by, or (2) aggravated by a service-connected disability, to include vertigo. In addressing the Veteran's diagnosis, please specifically consider and discuss the Veteran's prior spontaneous episodes of vertigo, his complaints of decreased hearing, and his documented tinnitus. 

 

 

L. STEPANICK

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Roya Bahrami, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.